UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW SNEED & LEAH HURSTON ) | |
| ) | |
| Plaintiff, ) | Case No. 22-cv-00266 |
| v. ) | |
| ) | Judge Mary M. Rowland |
| VILLAGE OF LYNWOOD, ) | |
| DAVE OSZUST, Star #111, ) | Magistrate Judge Sunil R. Harjani |
| MARCOS TIRADO, Star #115, and ) | |
| CHRISTOPHER SPIEROWSKI, Star #103, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiffs, Andrew Sneed ("Sneed") and Leah Hurston ("Hurston"), by and through their attorney, Sean Brown, respectfully request that this Honorable Court deny Defendants' partial motion to dismiss Plaintiff's First Amended Complaint for the reasons set forth below. In its motion to dismiss, Defendants incorrectly argue that there is no cause of action under Section 1983 for malicious prosecution, and that Count V is untimely and beyond the applicable statute of limitations. (Dkt. # 20, p. 3-4.) This Court should find, however, Defendants' position rests on a fundamental misunderstanding of the pleading standards applicable to a 12(b)(6) motion. Based on the following discussion, Defendants' partial motion to dismiss should be denied in its entirety.

**LEGAL STANDARD**

Claims filed in federal court are governed by Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and providing the Defendant "fair notice." Fed. R. Civ. Pro. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a 12(b)(6) motion to dismiss, a complaint need only state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

1

A claim has facial plausibility when the allegations in the complaint allow the court to make a reasonable inference that the defendant is liable for the misconduct alleged. Id. In Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), the Supreme Court provided guidance for how a court should approach motions like the one at issue. The U.S. Supreme Court explained that a court considering a motion to dismiss can begin by reviewing the complaint, and then a court should determine whether those facts plausibly give rise to an entitlement to relief. Id. at 678. When reviewing the sufficiency of a complaint pursuant to Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). When evaluating a claim's plausibility, a court must consider the context of the case and use its judicial experience and common sense to determine whether the well-pleaded facts allow the court to infer more than the mere possibility of misconduct. Iqbal, 556 U.S. at 679. Rule 12(b)(6) "doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." BBL, Inc. v. City of Angola, 809 F.3d 317, 325 (7th Cir. 2015). Furthermore, the Seventh Circuit has cautioned that "because the period of limitations is an affirmative defense, it is rarely a good reason to dismiss under Rule 12(b)(6)." Reiser v. Residential Funding Corp., 380 F.3d 1027, 1030 (7th Cir. 2004).

## ARGUMENT

**I. PLAINTIFF HAS SUFFICIENTLY PLEADED A FEDERAL MALICIOUS PROSECUTION CLAIM.**

From the onset of Defendants' partial motion to dismiss, Defendants improperly seek to attack the validity and reasoning behind Plaintiffs' malicious prosecution claim. Defendants first argue that Plaintiff has not asserted a viable claim because there is no cause of action under Section 1983 for malicious prosecution. Defendants claim that Plaintiffs simply assert the federal malicious prosecution claim because the state claim is time-barred. In making such an argument,

2

Defendants mistakenly rely on the fact-intensive summary judgment standard and ignores the well-settled pleading standards of Rule 8. See Fed. R. Civ. P. 8 (a) (requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief").

Contrary to the arguments advanced by Defendants, the Seventh Circuit has repeatedly held that an action for malicious prosecution may be brought under section 1983 if, acting under color of state law, the Defendants subjected the Plaintiffs to a deprivation of constitutional magnitude. Lagrone v. Hall, 1992 U.S. Dist. LEXIS 17945, 13-14 (N.D. Ill. Nov. 20, 1992). Here, Plaintiff's allegations concerning the Defendant police officers' misconduct is well-developed in federal law. The Plaintiffs' have asserted that their rights, privileges and immunities secured by the Fourth and the Fourteenth Amendments were violated when Defendants maliciously prosecuted Plaintiffs and perpetuated judicial proceedings against Plaintiffs for charges on which Defendants knew there was no probable cause. (Dkt. # 14, p. 9.) Accordingly, "allegations of evidence fabrication may state a colorable due-process claim." Bianchi v. McQueen, 818 F.3d 309, 319 (7th Cir. 2016) (citing Whitlock v. Brueggemann, 682 F.3d 567, 580-82 (7th Cir. 2012) and Fields v. Wharrie, 740 F.3d 1107, 1114-15 (7th Cir. 2014)).

Defendant's argument foreclosing a federal malicious prosecution claim is premised on outdated law and should be rejected because it is now clear that the Fourth and Fourteenth Amendment's Due Process Clause forbids the state from depriving a person of liberty without probable cause or based on fabricated evidence. See Hurt v. Wise, 880 F.3d 831, 843 (7th Cir. 2018)). Therefore, the Defendants' partial motion to dismiss lacks merit.

## II. PLAINTIFF'S CLAIM FOR STATUTORY LIABILITY OF THE VILLAGE OF LYNWOOD IS WITHIN THE STATUTE OF LIMITATIONS

Plaintiff concedes that typically a one-year period applies to state-law claims that are joined with a §1983 claim. 745 ILCS § 10/8-101. However, Plaintiffs are not required to negate an affirmative defense, such as the expiration of the statute of limitations, in his or her complaint.

3

Stuart v. Local 727, Int'l Bhd. Of Teamsters, 771 F.3d 1014, 1018 (7th Cir. 2014). Therefore, dismissal of a claim based on an affirmative defense "is appropriate only when the factual allegations in the complaint unambiguously establish all the elements of the defense." Id.  In this case, the record is insufficient at the pleadings stage to determine whether the one-year statute of limitations applies.

Assuming, *arguendo*, the state claim is time-barred, the events giving rise to this state law claim nonetheless are significantly intertwined with the federal claims thereby making it inequitable for Count V to be dismissed.

## CONCLUSION

WHEREFORE, based on the foregoing, Plaintiffs' respectfully requests this Honorable Court enter an order denying Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint.

Dated: May 26, 2022

RESPECTFULLY SUBMITTED,

/s/ *Sean Brown*
Sean Brown
Plaintiff's Attorney #6308654
The Law Office of Sean Brown, LLC
111 W. Jackson Blvd, Suite 1700
Chicago, IL 60604
Tel: 312-675-6116
Fax: 312-675-6001
attorneyseanbrown@gmail.com

4

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on May 26, 2022, a copy of Plaintiff's Response in Opposition to Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint was filed electronically with this Court, causing a copy of the foregoing document to be delivered via the Court's CM/ECF Electrical Filing System to all Counsel of Record.

                                      By:   */s/ Sean Brown*
                                                Attorney for Andrew Sneed &
                                                Leah Hurston