IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW SNEED AND LEAH HURSTON, | |
| Plaintiffs, | Case No. 22-cv-00266 |
| v. | Judge Mary M. Rowland |
| VILLAGE OF LYNWOOD, DAVE OSZUST, Star #111, MARCOS TIRADO, Star #115, and CHRISTOPHER SPIEROWSKI, Star #103, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Andrew Sneed and Leah Hurston filed this suit against three Lynwood police officers and their employer, the Village of Lynwood, bringing various claims under 42 U.S.C. § 1983 and state law. Defendants partially move to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, this Court denies Defendants' motion [20].

### I. Background

The following factual allegations taken from the operative complaint (Dkt. 14) are accepted as true for the purposes of the partial motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

At all relevant times, Plaintiffs Andrew Sneed ("Sneed") and Leah Hurston ("Hurston") were residents of Lynwood, Illinois. Dkt. 14, ¶¶ 1–2. At all relevant times, Defendants Dave Oszust ("Oszust"), Marcos Tirado ("Tirado"), and Christopher

1

Spierowski ("Spierowski") (collectively, "Defendant Officers") were police officers for the Village of Lynwood. *Id.* ¶¶ 4–6. Defendant Village of Lynwood ("Village") is a municipal corporation under the laws of the State of Illinois. *Id.* ¶ 3.

On or around January 15, 2020, Plaintiffs were at Hurston's residence in Lynwood, Illinois. *Id.* ¶¶ 13, 17. After a disagreement between the two, Hurston asked Sneed to leave her home, and when Sneed refused, Hurston called 911. *Id.* ¶¶ 14–16. Sneed then changed his mind and agreed to leave, at which point Hurston told the 911 dispatcher that she no longer needed assistance. *Id.* ¶¶ 15–16. Defendant Officers arrived at Hurston's residence anyway. *Id.* ¶ 17.

Upon entering Hurston's home, Defendant Officers surrounded Hurston in her living room and began questioning her. *Id.* ¶ 20. Hurston initially responded to the questions, but after Defendant Officers began to repeatedly question her, Hurston stopped responding. *Id.* ¶¶ 23–25. Defendant Officers then told Hurston that she was "not being compliant" and forced her to the floor. *Id.* ¶¶ 26–27. Once on the floor, Tirado placed his knee on Hurston's neck and fired his taser into her three separate times. *Id.* ¶¶ 28, 30. Hearing Hurston's screams, Sneed came into the living room, at which point Defendant Officers slammed Sneed down onto the floor. *Id.* ¶¶ 31–32. Oszust then fired a single electrode into Sneed from his taser. *Id.* ¶ 32. Plaintiffs allege that at no point during this encounter did they attempt to fight, strike, or assault any of the Defendant Officers, and at no point did any of the Defendant Officers intervene to protect Plaintiffs from being battered by their fellow officers. *Id.* ¶¶ 42–43.

2

Defendant Officers subsequently arrested Plaintiffs and charged them both with Resisting a Peace Officer and Obstructing Identification. *Id.* ¶ 54. On August 4, 2020, the criminal charges against Plaintiffs were dismissed. *Id.* ¶ 55.

On January 17, 2022, Plaintiffs filed a complaint in this court under 42 U.S.C. § 1983 and state law. Dkt. 1. Plaintiffs filed a first amended complaint on March 17, 2022. Dkt. 14. In the first amended complaint, Plaintiffs bring claims against the Defendant Officers for: unreasonable seizure in violation of the Fourth and Fourteenth Amendments (Count I); excessive force and failure to protect in violation of the Fourth and Fourteenth Amendments (Count II); false arrest in violation of the Fourth and Fourteenth Amendments (Count III); malicious prosecution in violation of the Fourth and Fourteenth Amendments (Count IV). *Id.* ¶¶ 56–73. Count V is a state-law statutory indemnification claim against the Village. *Id.* ¶¶ 74–77.

Defendants move to dismiss Counts IV and V of the first amended complaint.

**II. Standard**

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the

3

plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (citation and internal quotation marks omitted). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (cleaned up).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III. Analysis

#### A. Count IV: Malicious Prosecution Against Defendant Officers

In Count IV, Plaintiffs allege that Defendant Officers maliciously prosecuted them without probable cause from January 2020 to August 2020 in violation of the Fourth and Fourteenth Amendments. Dkt. 14, ¶ 69. Defendants rely on *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001) to argue that this claim must be dismissed because there is no federal malicious prosecution cause of action in the Seventh Circuit. Dkt. 20 at

4

3. Plaintiffs argue in response that *Newsome* is outdated law and that federal malicious prosecution claims are permitted in the Seventh Circuit. Dkt. 25 at 3.

*Thompson v. Clark*, 142 S. Ct. 1332 (2022) was decided April 4, 2022. Before *Thompson*, Seventh Circuit precedent held that plaintiffs could not bring a federal malicious prosecution claim under the Fourth or Fourteenth Amendments. *See Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011) ("[I]ndividuals do not have a federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause.") (internal quotations omitted); *Nelson v. Vill. of Lisle, Ill.,* 437 F. App'x 490, 496 (7th Cir. 2011) ("[N]either the Fourth nor Fourteenth Amendments supply remedies for post-arrest prosecutorial injuries"); *see also Jackson v. City of Chicago*, No. 20 C 5630, 2021 WL 1056988, at *2 (N.D. Ill. Mar. 18, 2021) ("Supreme Court and the Seventh Circuit have 'now made clear' that there 'is no such thing as a Fourth Amendment malicious prosecution claim.'") (quoting *Lattimore v. Klein*, No. 17-CV-8683, 2019 WL 1028121, at *4 (N.D. Ill. 2019)).

The Seventh Circuit, however, recognized that a plaintiff could bring a malicious prosecution claim as a claim of a violation of the Due Process Clause if the plaintiff had no adequate state law remedy for malicious prosecution. *Ray*, 629 F.3d at 664 ("[W]e will allow individuals to bring Section 1983 malicious prosecution suits when the relevant state's law does not provide them with a way to pursue such claims"); *see also Serino v. Hensley*, 735 F.3d 588, 592 (7th Cir. 2013).

In *Thompson*, the Supreme Court recognized that claims for malicious prosecution are actionable under the Fourth Amendment. *Thompson*, 142 S. Ct. at 1337. *See also Mitchell v. Doherty*, 37 F.4th 1277, 1284 n.3 (7th Cir. 2022) (noting that in *Thompson* the Court held "that the Supreme Court's precedents recognize a malicious-prosecution claim under the Fourth Amendment but again [did] not decid[e] the scope of the amendment"). *Thompson*, however, did not disturb the Seventh Circuit's malicious prosecution precedent as to the Fourteenth Amendment. 142 S. Ct. at 1337 n.2 ("It has been argued that the Due Process Clause could be an appropriate analytical home for a malicious prosecution claim under § 1983 … [b]ut we have no occasion to consider such an argument here."). *See e.g. Navarro v. City of Aurora, Illinois*, No. 21 C 6288, 2022 WL 1988990, at *2 (N.D. Ill. June 6, 2022) (discussing *Thompson*'s application to Fourth and Fourteenth Amendment claims and dismissing the Fourteenth Amendment malicious prosecution claim).[1]

Here, Plaintiffs ground their malicious prosecution claim under both the Fourth and Fourteenth Amendments. Given the above precedent, Plaintiffs' Fourteenth Amendment malicious prosecution claim cannot proceed. Count IV can proceed, however, as a claim for malicious prosecution under the Fourth Amendment.

---

[1] *See id.* ("Prior to the Supreme Court's decision in *Thompson*, Seventh Circuit precedent held that a plaintiff subject to a prosecution in Illinois could not bring a malicious prosecution claim under the Fourth or the Fourteenth Amendments… *Thompson* overruled that precedent as to the Fourth Amendment, but not the Fourteenth Amendment.") (citations omitted).

6

### B. Count V: Indemnity Claim Against the Village

In Count V, Plaintiffs bring an indemnity claim against the Village under 745 ILCS 10/9-102.[2] Dkt. 14, ¶ 75. Under Section 9-102, "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages…for which it or an employee while acting within the scope of his employment is liable". 745 ILCS 10/9-102; *see also Cates v. Manning*, No. 19 C 5248, 2020 WL 1863299, at *3 (N.D. Ill. Apr. 14, 2020) ("[Section] 1983 plaintiffs routinely assert section 9-102 indemnification claims against municipalities simultaneously with the underlying claims against the individual officers who may have harmed them.").

Defendants argue that Plaintiffs' indemnification claim is subject to the one-year statute of limitations of 745 ILCS 10/8-101; however, the statute of limitations has not yet started to run. Indeed the statute of limitations for "indemnity claims under § 8–101 does not begin to accrue until judgment is entered against the employee." *Esparza v. Dart*, No. 14 CV 1390, 2014 WL 5628050, at *3 (N.D. Ill. Nov. 4, 2014); *see also Wilson v. City of Chicago,* 120 F.3d 681, 685 (7th Cir. 1997) (a plaintiff need not "wait until a final judgment" before bringing an indemnity claim under § 9–102); *Loza v. City of Chicago,* No. 09 C 2474, 2009 WL 3125542, at *1 (N.D.Ill. Sept. 25, 2009) ("[t]he logical implication of the *Wilson* decision is that the actual fact that gives rise to a claim under § 9–102 is the court entering judgment against the employee defendant, even though it may be appropriate for a plaintiff to bring the

---

[2] Defendants also dispute Plaintiffs' interpretation of the attorneys' fee provision in Section 10/9-102. This issue, however, need not be resolved at this stage.

claim in anticipation of that fact"). There has not yet been a judgment entered against the Defendant Officers, and under 745 ILCS 10/8-101, Plaintiffs would still have one-year from that judgment to bring their indemnity claim. Accordingly, Defendants' motion to dismiss Count V as untimely is denied.

### IV. Conclusion

For the reasons explained above, this Court denies Defendants' partial motion to dismiss [20].

E N T E R:

Dated: October 4, 2022

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge